FILED
United States Court of Appeals
Tenth Circuit

September 22, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARTIN CARRILLO-LOPEZ,
a/k/a Jonathan Pacheco Bernal,

      Defendant-Appellant.

No. 14-6112
(D.C. No. 5:14-CR-00006-C-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

---

Appellant Martin Carrillo-Lopez entered into a plea agreement in which he

waived his right to appeal his conviction and sentence, with the exception of a few

limited circumstances not relevant here. The district court sentenced him to

70 months' imprisonment, which was the low end of the Sentencing Guidelines

range. Mr. Carrillo-Lopez filed an appeal despite his waiver; the government seeks

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to enforce the plea agreement and asks this court to dismiss the appeal. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (*en banc*) (*per curiam*).

The plea agreement, which Mr. Carrillo-Lopez signed, states that he "knowingly and voluntarily waives" his right to appeal his sentence or conviction. Plea Agreement at 7. And the transcript of the hearing at which Mr. Carrillo-Lopez changed his plea to "guilty" evidences his understanding that he was agreeing to waive his right to appeal, as well as his understanding that the court would be advised in sentencing by the Sentencing Guidelines range and that it was not bound by any predictions his attorney may have made about what that range would be. Change of Plea Tr. at 9-12.

Mr. Carrillo-Lopez argues that his appeal waiver was not knowing and voluntary because it was based on his attorney's lower prediction of what the guidelines range would be. The district court, however, was very clear in the plea colloquy that the court was not bound by any predictions made by others regarding what the guidelines range. He further argues that his waiver resulted in a miscarriage of justice because his sentence was "otherwise unlawful." *Hahn*, 359 F.3d at 1327. His basis for this assertion is that "counsel for the government, in advocating at the sentencing hearing for a 'low-end guidelines sentence,' did not act in good faith in light of Mr. [Carrillo-Lopez's] safety-valve eligibility." Resp. at 2. He states that this "negatively impacts the fairness, integrity, or public reputation of judicial proceedings." *Id.* Mr. Carrillo-Lopez's one-sentence statement is insufficient to

establish (or even argue) as to how the fairness, integrity, or public reputation of the judicial proceeding was negatively impacted.  Enforcing this knowing and voluntary waiver will not result in a miscarriage of justice.  The Motion to Enforce Appeal Waiver is granted, and the appeal is dismissed.

Entered for the Court
Per Curiam
